**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Charles CASTILLIAS, Defendant—**
**Appellant.**

**No. 05–10774.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided June 30, 2006.

See also 351 F.Supp.2d 1045.

Edric Ching, Esq., USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff—Appellee.

Peter C. Wolff, Jr., Esq., Federal Public Defender's Office, Honolulu, HI, for Defendant—Appellant.

Before: B. FLETCHER, PREGERSON, and HALL, Circuit Judges.

MEMORANDUM *

Charles Castillias challenges his conviction under 18 U.S.C. § 922(g)(3) arguing

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the search warrant executed in his case was defective for lack of probable cause as to the listed firearms and ammunition, and that his conviction involves an unconstitutional exercise of Congress's Commerce Clause power. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts of the case, and we need not recount them here.

### 1. Motion to Suppress

 Castillias argues that the search warrant at issue was deficient for lack of probable cause as to the listed firearms and ammunition because the supporting affidavit contained only facts supporting probable cause as to drug trafficking, and mere opinion as to the likely presence of firearms and ammunition. We disagree.

An issuing judge's determination of probable cause is a "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Concerning the likely presence of firearms and ammunition, the issuing judge in this case properly considered the affidavit opinion of a fourteen-year police veteran with nine years of narcotics experience and related, specialized training. *See United States v. Arrellano–Rios,* 799 F.2d 520, 523 (9th Cir.1986). Furthermore, while for purposes of a probable cause determination it might not be reasonable to infer possession of firearms merely from illegal drug possession, it is quite reasonable to do so with regards to drug trafficking, *see, e.g., United States v. Reese,* 775 F.2d 1066, 1074 n. 5 (9th Cir. 1985), particularly in light of the well-established evidentiary link between them, *see, e.g., United States v. Butcher,* 926 F.2d 811, 816 (9th Cir.1991).

### 2. Motion to Dismiss

 Castillias argues that his conviction under § 922(g) is an unconstitutional exercise of Congress's Commerce Clause power because there is insufficient evidence linking his possession of the firearm and ammunition in question to interstate commerce. As Castillias concedes that the firearm and ammunition he possessed were manufactured outside Hawai'i, his argument is foreclosed by this court's precedent. *See United States v. Younger,* 398 F.3d 1179, 1192–93 (9th Cir.2005); *United States v. Jones,* 231 F.3d 508, 514–15 (9th Cir.2000).

**AFFIRMED.**